Per Curiam.

Cyrus Bean had, by virtue of his father’s will, a vested remainder in the estate ; his mother having only a life estate, with a power to sell in fee; which being never executed, the remainder was not disturbed ; and this estate was liable to extent by execution for the debts of Cyrus. (4)
The levy upon the debtor’s undivided estate in common is good, and the estate sufficiently described. The error in the proportion owned by the debtor produces no mischief, as it comprehends the whole of his interest. The levy is good for an eighth, although it purports to be of a seventh. The mistake prejudiced none but the creditor; and perhaps.he would have his remedy, by showing that part of the estate set off did not belong to his debtor. If one conveys by deed more land than he owns, the deed is good for what he does own. So if an execution be levied upon one hundred acres, and the debtor had a title but to fifty, the levy is good for the fifty ; and the same reason applies where a similar mistake occurs in levying upon the estate of a tenant in common. The cases cited only show that the debtor’s interest in an estate, holden jointly or in common with others, cannot be set off in any particular part of the * common estate. Here more than his interest in the whole was set off.
It is not necessary, although convenient, that the appraisers, oi the officer in his return, should set forth the nature of the estate taken, or the estate of the tenant for life. All the right, title, interest, &c., of the debtor would pass the remainder, as in a deed.
As to the objection that the officer has not returned that he de livered seisin to the creditor or his attorney, seisin, in fact, could not have been given, as the life estate was then in being. But a constructive seisin may be presumed from the words of the return, viz., that he extended the execution. It is also to be presumed, unless the contrary is made to appear, that the execution was returned by the officer, with the endorsement of seisin upon it by the *349 attorney of the creditor ; and that is sufficient evidence that seisin was given, as required by the statute.
The petitioner can have partition but of nine sixty-fourth parts, which being less than he demands in his petition, the respondents must recover their costs, (a)

13"> 13 Mass. Rep. 20, Williams vs. Amory.

 [Cutting vs. Rockwood, 2 Pick. 443. — Ed.] .