ABERNETHY GROVER *versus* HOWARD.

The return of the officer, in a levy of real estate, that the appraisers were discreet and disinterested men, is conclusive of that fact.

In a levy of real estate, in which the levying officer was a deputy sheriff, one who is also a deputy of the same sheriff is not, on that account, incompetent to act as an appraiser.

A levy, which, with the debtor's land, also embraces a portion of another man's land, is not on that account ineffectual to pass the debtor's land.

Parol evidence is not admissible to explain or vary the effect of the language used in the return of an officer.

Where one had erected buildings upon the land of another, by the license of the owner, and the owner afterward conveyed the land to him by deed, and in the deed had conveyed the buildings as a part of the estate, the grantee cannot claim, against a levying creditor of the grantor, that his erection of the buildings made them his *personal* property.

Grover *v.* Howard.

In a levy of land an exception of "the buildings," (there being no instruction that they are to be removed, or that the occupant is to be disturbed in his possession,) will exclude from the levy not only the buildings themselves, but also the land under them, with so much adjacent land as may be necessary for their use.

WRIT of entry, to which the general issue was pleaded.

The material part of the evidence is sufficiently apparent in the opinion of the court. It was conceded at the argument, that John Grover had by leave of the defendant been in possession of the premises, ever since the demandant's title accrued.

Upon the evidence, or so much and such part thereof as may be legally admissible and competent, the court were to enter up judgment on nonsuit or default, as law and justice should require.

*Codman*, for the plaintiff.

The levy was void ; because —

1. It was oppressive and unjust. It took the house and out-buildings, without any appraisal of the erections, which were worth $1500. Such proceedings are a fraud in law.

2. Two of the appraisers were not discreet and disinterested men. It is not enough that they are called so ; they should be so in fact ; they should be honest too.

3. Land not belonging to the debtor was included in the levy.

4. A small part of the front yard of the house was wrongfully excluded from the levy.

5. Two of the appraisers were deputies of the sheriff, and were incompetent to act as appraisers, because the levying officer was also a deputy of the same sheriff.

*G. F. Shepley*, for defendants.

There was no oppression. The plaintiff and the appraisers supposed the house belonged to plaintiff, as he had built it, and that the creditor could not hold it. Hence, they did not appraise it.

But I contend, not only that the house did not pass by the levy, but that the land under it was excepted also, with a pas-

sage way to the street. *Hoyt* v. *Sanborn*, 11 Shepl. 118;
*Shute* v. *Medbury*, 7 Metc. 566.

At the commencement of the suit, the demandant, by his
tenant, was in the possession, and therefore was not entitled
to an action.

This case is not a question of pleading. It is to be decided,
upon the evidence, " as law and justice require."

SHEPLEY, C. J. — The demandant derives his title to the
premises from John Grover, by conveyances made since they
were attached on a writ in favor of the tenant, against John
Grover. The title of the tenant is exhibited by that attach-
ment, by a judgment recovered in that suit, and an execution
issued thereon, and by a levy made within thirty days of the
judgment.

The premises are said to contain about four acres of land
with two dwellinghouses and out-houses standing thereon,
one denominated the new dwellinghouse, which appears to
have been occupied by John Grover at the time of the levy,
and it is admitted, that he has continued to occupy it since
that time by license of the demandant, who claims to recover
on the ground that the proceedings in making the levy were
illegal and void.

1. The first objection is, that the appraisers were not dis-
creet and disinterested men. The return of the officer states,
that they were so, and that is conclusive. *Rollins* v. *Moores*,
25 Maine, 192.

2. The second is, that two of the appraisers being depu-
ties of the sheriff, whose deputy made the levy, were not
competent persons to act as appraisers.

The argument is in substance, that the sheriff being re-
sponsible for the acts of his deputies, the appraisement and
other proceedings are to be regarded as made by him. The
two persons, who acted as appraisers and were deputies, did
not while making the appraisement act in their official char-
acter as deputies, and of course the sheriff was not responsi-
ble for their conduct. A person by becoming a deputy of the

sheriff does not become incapable of performing any other duty of a citizen not inconsistent with the discharge of his official duties.

3. The third is, that "a small triangular portion of the front yard of his house was excluded from the levy, rendering it valueless to him and to his grantee."

This objection appears to have arisen from an erroneous construction of the description of the estate taken by the levy.

It is described as "commencing at a stone post, a bound of the common, thence westerly by the road leading to the mills to lands of Rufus Skillings." The stone post stood on the margin of the common, a couple of rods or more southerly of the point, where the boundary lines of the common and of the road intersect, and the description of the levy does not state, that it was bounded upon the common from the stone post to that point of intersection. The levy, however, commencing at the stone post, and bounded westerly by that road, must necessarily be bounded by the common until it reaches from the post to the road.

4. The fourth is, that a strip of land not owned by the debtor, but by Rufus Skillings, was taken by the levy. The levy does appear to have been so made. This, however, can constitute no valid objection to it. The debtor will have no just cause of complaint, that a small strip of land, which he did not own, was included in the appraisement. The land, which could be conveyed by the levy, will be sufficiently described by including all which the debtor owned within the description. The levy will be good for what the debtor did own. *Atkins* v. *Bean*, 14 Mass. 404.

5. A more formidable objection is presented by the exception from the levy of "the new buildings now occupied by the aforesaid John Grover."

The declarations of John Grover and of the demandant, made at the time of the levy, were introduced to prove, that those buildings were the personal property of the demandant, leaving the inference, that they were excepted as such pro-

perty. If they were erected by the demandant by license of John Grover, they could not be regarded as personal property at the time of the levy, for John Grover had before that time, in a conveyance of the land, made by him to the demandant, called them his new buildings, and had conveyed them as a part of the estate. The demandant having accepted such a conveyance could establish no title to them as personal property.

A creditor cannot by making a levy change the character of his debtor's estate, and convert a part of it into personal property by taking the land under buildings and leaving them as the personal estate to be torn down or removed. If the exception can receive no other construction, than one which will exclude the new buildings without any right to have them remain upon the land for use and occupation, the levy cannot be sustained. Courts have been inclined to sustain levies often made by persons unskilled in making conveyances, when they could do so consistently with the established rules of law; and for this purpose have made somewhat of forced constructions of the langage used. For example, when an officer has returned, that a debtor had neglected to choose an appraiser, an inference has been drawn, that he had been notified to do so. When unskilful persons make use of language to convey estates, it is sometimes very difficult to determine, what the intention really was. In doubtful cases, such a construction should be adopted, if possible, as will give effect to the conveyance and preserve the rights of all the parties, in preference to one even more literal or plausible, which would operate to destroy the whole conveyance or proceedings.

Parol evidence is not admissible to explain or vary the effect of the language used in the return of the officer. Whether the intention was to exclude from the levy the new buildings without any right to the land, on which they stand, or to exclude them with the land under and so connected with them as to admit of their occupation, where they stand, may be doubtful.

In the case of *Sanborn* v. *Hoyt*, 24 Maine, 118, the owner of forty-seven acres of land with a dwellinghouse, barn and shed thereon, conveyed the land " excepting and reserving all the buildings on said premises," and the decision was, that the buildings only, without the land under them, were excepted. One reason assigned for that construction was, that there was no distinct lot particularly used in connection with the buildings, and it was said, that such a designation would seem to be necessary. That reason would be applicable in this case to show, that the buildings only were excepted. The other reason assigned, that by the language used they were " the buildings on said premises" conveyed, would not favor a similar construction in this case. The language used in this case does not represent, as in that case, the buildings to be standing on land taken by the levy, but designates them only as " the new buildings" now occupied by a certain person.

This case is more like the case of *Allen* v. *Scott*, 21 Pick. 25, in which the grantor conveyed land in mortgage, with all the buildings standing thereon, " except the brick factory." It does not appear that there was any particular lot designated and used with the brick factory. In that case, as well as in the present, the exception appears to have been immediately preceded by a clause, conveying all the buildings thereon. The conclusion of the court was, that it was intended that the mortgager should retain the same title to, and enjoy the factory in the same manner, as he had done before the conveyance.

The opinion states, that " such a right of occupation is an interest in the land, amounting to a fee defeasible, perhaps, by the destruction of the factory, but of this it is not necessary to give an opinion." " When property is granted, all that is necessary to the enjoyment of it, is impliedly granted, as an incident to the express grant ; and the same rule of construction applies to an exception in a grant."

In the case of *Bacon* v. *Bowdoin*, 2 Metc. 591, it is said, by the grant or lease of a house or any other building, the land on which it stands, with the privileges necessary to its

enjoyment, passes by implication, unless the implication is rebutted by the language of the deed."

In the present case, there is nothing in the description of the premises taken by the levy, to rebut such an implication.

In the case of *Cheshire* v. *Shutesbury*, 7 Metc. 566, it was said, that "by the grant of the north part of the great barn, to the middle of the floor, an interest in the land under it, passed."

In the case of *Blake* v. *Clark*, 6 Greenl. 436, it appeared that a saw-mill, without any further description, was on the division of an estate assigned to one of the heirs, and it was decided, that the land, upon which it stood, would pass with a right of way, or other easement necessary to its enjoyment.

In the case of *Waterhouse* v. *Gibson*, 4 Greenl. 230, it was held, that the same rules of construction would be applicable to a levy, as to a deed of conveyance, and that parol evidence was inadmissible to explain the intention.

The buildings excepted from the estate taken by the levy in this case, are described as new buildings, occupied by the debtor, and there is no indication that he was to be disturbed in that occupation, or that he was expected to remove them. According to the cases already noticed, the land under them, and so much as may be necessary for their use, may pass by implication. The land in front of the buildings, between them and the highway, with a passage way from the highway to the barn or stable, may well pass with the land under them, as necessary to their enjoyment.

The demandant, being already in possession of them by his tenant, will not be entitled to maintain this action for their recovery, and to the other portions of the estate demanded, he has no title. *Demandant nonsuit.*

---

JOEL HOWARD, *Pet'r from a decree of the Judge of Probate.*