No. 4.—BENJAMIN B. SMITH, plaintiff in error, *vs.* SAMUEL TAYLOR and Wife, defendants in error. LOUISA LYNCH, *vs.* The Same.

[1.] When the husband and wife are sued in the same action, for a tort of the wife, committed during the coverture: *Held,* that it is necssary that the wife be served with process; but if she appears and pleads to the merits, she waives her right to except to the want of service, and will be bound by a judgment rendered in the case against her.

Case for words, in Twiggs Superior Court. Decision by Judge HANSELL, October Term, 1851. Consolidated by consent.

The plaintiffs in error brought actions against Samuel Taylor and wife, for slanderous words. The cases came on to be tried, at October Term, 1851, and were submitted to a Jury, when counsel for defendants moved to arrest the causes and dismiss them, on the ground that Mrs. Sarah Taylor—one of the defendants—had not been served with a copy of the petition and process, and no return had been made as to her. Counsel for plaintiffs objected, and showed that Samuel Taylor, the husband, had been personally served; that both defendants had appeared by counsel, at the appearance term, and pleaded the

general issue; that by counsel, they had acknowledged service on interrogatories, and had themselves sued out interrogatories and commissions thereon; and had from the commencement of the cases, proceeded to prepare them for trial, without having made any objection as to the service.

The Court sustained the motion and dismissed the cases, and this decision is assigned as error.

IVERSON L. HARRIS submitted the following points and authorities for plaintiff:

That service of the declaration and process on the wife, in personal actions in which she has been made a party, is unnecessary—service of the *husband alone* being sufficient. *See Statute of* 12*th Geo. I. ch.* 29, which requires personal service, and the decisions under it. 3 *Vol. Chitty Practice*, 262. *Citing Buncombe vs. Love and Wife*, *Barnes* 406. *Tidd's Supplement*, ed. of 1833, *p.* 74. 1 *Sellon*, *p.* 91. 3 *Tidd*, 3 *Amer. ed.* §169.

The decisions under the Statute of George are obligatory on this Court—they form a part of the Common Law brought to this State by Oglethorpe and his Colony, and have not been altered by the Legislature.

If the service on the husband alone, in this cause, was defective, it is too late to object, after having pleaded to the action, and when the cause is ready for trial. *Steel vs. Plower*, 22 *Eng. C. L. R.* 780.

C. B. COLE submitted for the defendant:

1. There can be no judgment without service on the defendants; that under our Judiciary Act of 1799, both defendants should have been served. *Prince's Digest*, 420. 5 *Geo. R.* 201.

2. When suit is brought against husband and wife, for a *tort* committed by her, the death of the husband does not abate the suit. 13 *Alabama R.* 127.

3. Judgment against husband and wife, may be enforced against the wife. *McQueen on Husband and Wife*, 39, 90. *Tidd's Prac-*

*tice*, 9*th edition*, 1026. 8 *Barn. & Cress. R.* 1. 2 *Meson & Wel. R.* 847. 8 *Carr. & Payne R.* 316. 17 *Eng. Common Law R.* 21.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] Upon principle, the wife ought to be served. For torts committed by the wife, not in the presence of her husband, and not by his coercion, they are jointly liable, and must be joined in the action. If there is a recovery, the judgment passes against both. If the wife has a separate estate, it may be taken in execution, and she may be, together with her husband, arrested on final process. If the husband dies pending the suit, it does not abate, but survives against her. These things being so, she has a personal interest in the suit, and ought to have her day in Court—to have that she ought to be warned to appear and answer. The law loathes a judgment without a hearing. Her interest may become antagonistic to that of her husband. He may collude with the plaintiff; he may have coerced her to commit the tort. If the husband dies pending the suit, the wife not being served, how can the suit proceed? The plaintiff must see to it, that she is served, at his peril. To protect the rights of the plaintiff, the Courts should require the service. If she is not served, and the husband dies, and the plaintiff proceeds to judgment against her, I cannot see but that the judgment would be a nullity. Our Statute of 1847, protects widows and *femes sole*, from arrest and imprisonment, on account of a debt or demand, arising upon any contract made, or entered into, by them. It seems not to embrace a judgment founded on a tort, and if it did, it does not relate to women under coverture. As to the liability of a woman covert, to respond to damages for a tort, by arrest, that act leaves her as it found her at Common Law. For these principles see 2 *Kent,* 149. *Reeves Dom. Relations,* 72. *Clancey on Husband and Wife,* 89, 90. 1 *Wils. R.* 149. *Tidd's Prac.* 1025, 1026. 6 *Moore R.* 128. 5 *Barn. and Ald.* 759. 2 *Stra.* 1167, 1237. 3 *Wils.* 124. *Tidd's*

*Prac.* 193, '4.　2 *Meson & Wels.* 847.　13 *Ala. R.* 127.　8 *Barn. & Cres.* 1.　8 *Car. & Payne,* 316.　*Cobb's New Dig.* 392.

These principles warrant the conclusion that the wife ought to be served with process. Authority to the contrary was relied upon by *Mr. Harris.* The case he referred to in *Barnes' Reports* was not read to the Court, nor have I been able to procure it. The *dictum* from *Tidd,* which he relied upon, states the rule dispensing with service doubtingly; it is sustained in *Tidd,* by reference to the case in *Barnes,* and to *Pr. Reg.* 351,'5,'6, the latter of which references is not accessible, and neither of them very reliable. The *dictum* in *Tidd* is also found in *Chitty's General Practice,* sustained by the case in *Barnes* alone. Only one case was read from the American books, by the plaintiff in error, and that is to be found in 1 *Baily S. C. R.* 521. That case is not entitled to much consideration, as it barely states the judgment of the Court, without reasoning and without authority, except the elementary *dictum* in *Tidd.* Upon such authority we cannot hold that it is settled in the books, that it is not necessary to serve the wife ; and if it were, we should be constrained to say that it is badly settled ,upon principle.

Aside, however, from all authority, English or American, we think that this question is settled by our own Statute. By the *Judiciary Act of* 1799, all civil suits, cognizable in the Courts of Justice, shall be by petition, &c. to which petition, it is made the duty of the clerk to annex a process, which is directed to the Sheriff, requiring the defendant or defendants to be and appear at the Court to which the same is returnable; and which process the Act declares *shall be served on the defendant or defendants at least, &c. &c.* (*Prince* 420.) If the wife is a defendant to the suit, by this Act, she must be served with process ; and that she is a party defendant, even with rights of defence, distinct from those of her husband, there is no doubt whatever.

The other question is, was not the want of service waived by the wife's appearing and answering to the merits ? We think it was. Without service, the Court had no jurisdiction over *Mrs. Taylor ;* but when she came in, not pleading to the jurisdiction, but to the merits, she is to be held as submitting to

the jurisdiction, and would be bound by a judgment rendered against in her in the case. *Dearing et. al. vs. The Bank of Charleston*, 5 *Geo. R.* 319. *Picquet vs. Swan*, 5 *Mason R.* 35. 1 *Denio*, 91. The bill of exceptions states that *both* the defendants appeared by counsel, at the appearance term, and pleaded the general issue; by counsel, acknowledged service of interrogatories and sued out interrogatories and a commission thereon, and had from the commencement proceeded to prepare the case for trial, without having made any objection to the service. It is claimed that want of service cannot be waived in this case, because the Act of 1799 declares "that all process issued and returned in any other manner than that hereinbefore directed, shall be, and the same is hereby declared, to be null and void." The process in this case, duly issued according to the Act, and that we hold to be necessary, even in cases like this, where appearance waives the want of service. This is necessary that the record may be complete. The law declares that process *issued* in any manner different from that pointed out, shall be void. In this case it it did not *issue* in any manner different from, but did issue according to the provisions of the Act. The Act also requires that it shall be *returned* in a certain way, and if issued and *returned* differently, it, that is, the process, shall be void. In this case there was no *return* of the process against the wife at all; therefore, there could be no return of it, in a manner different from that pointed out. There being no return of service, the wife came in and submitted to the jurisdiction, waiving her right to insist upon her want of service. I do not see that there is any thing in the Act of 1799 which forbids that.

Upon this last ground we remand the cause.