MOORE, *Pet'r for Partition, versus* RICHARDSON *& als.*

By the statute of 1821, c. 60, § 1, a reversionary interest was made liable to attachment on mesne process, and to be taken on execution for the debts of the owner.

Under that law, the reversion of a *feme covert* was liable to be levied on for debts of her contracting *before* her coverture.

Where the return upon an execution, issued upon a judgment, recovered against a husband and wife, for the debt of the wife before her marriage, describes the real property levied on, as "the property of said W. & A. (the judgment debtors,) being her right of inheritance;" such levy embraces the husband's freehold and the wife's reversion, and is a valid transfer of her land.

ON FACTS AGREED.

PETITION FOR PARTITION.

The petitioner is a widow. Her father, many years since, died seized of the estate described in the petition, *one eighth* of which she was entitled to by inheritance, and which she now claims by her petition.

The petitioner, after her marriage, was sued by the respondents, for a debt she owed before, and judgment was recovered against her and her husband, in June, 1838. The execution issued thereon was satisfied by a levy on six-eighths of one seventh of the premises, describing it "as the property of the within named William E. Moore and Agnes Moore, wife of said William E., being her right of inheritance," and setting out the boundaries; the whole being in common and undivided.

The respondents have ever since occupied the land so levied on.

The case was submitted for a judgment according to law.

*Fessenden & Deblois,* for petitioner.

To one fifty-sixth of the estate described, the title of the petitioner is not disputed. But we claim one-eighth, and that the levy, by which her title is attempted to be divested, is void. In support of this view, the counsel argued thus:

1. By the domestic relation of husband and wife, the husband is absolutely bound to pay and discharge the debts of his wife, contracted before coverture, and this too, without regard to his having received from his wife on marriage any thing or nothing, by way of property. Reeve's Dom. Rel. 67, 68, 69, 70, 71.

2. In the real estate of his wife, the husband takes during their joint lives, at least, the usufruct and life estate, and the wife is left only with a reversion. Co. Lit. 351; 2 Black. Com. 433; *Barber* v. *Root,* 10 Mass. 261.

3. Such estate of the husband in the real property of his wife is liable to the satisfaction of his debts, and may be levied on for that purpose. *Babb & ux* v. *Perley,* 1 Maine, 8; *Litchfield* v. *Cudworth,* 15 Pick. 29; *Chapman* v. *Gray,* 15 Mass. 444; *McKeen* v. *Gammon,* 33 Maine, 191.

4. That the relation aforesaid of husband and wife, as to the property of the wife, deprives her of all means of paying her debts, and compels a creditor of the wife, before marriage, to resort to the husband and his property for the satisfaction of such debts.

5. It would seem to follow, that the levy in this case, should have been upon the husband's right to the rents and profits of the wife's real estate, or in other words, upon his life estate, and that if this was not sufficient, the estate of the wife was beyond the reach of the creditor, during the coverture, and her liability also suspended, and the attempt to levy on her inheritance, was a mere void act.

6. The title acquired by the petitioner, does not enure to the benefit of the creditor. *Freeman & al.* v. *Thayer & al.* 29 Maine, 369.

*Shepley & Dana,* for the respondents.

It is clear, that before the petitioner's marriage, her share

in the premises could have been taken for the same debt on which judgment was rendered against her and her husband, and the property in fact levied on.

Why then should coverture deprive creditors of their rights, and oblige them to wait until it is removed. The object of the common law was, not to deprive a creditor of his remedy against a *feme covert* and her property, but to make the husband also liable for her debts. To this extent, that part of Reeves, cited, goes, and shows the intention was to have a remedy against both.

The fact, that the judgment is rendered against husband *and* wife, makes apparent the inconsistency of the fourth proposition of the counsel on the other side. If that proposition were a true statement of the law, all the creditor could do, during coverture, would be to hold the husband alone.

It is contended, however, that although the debt here was jointly due from the husband and wife, yet, as he had an interest in her real estate, the creditor should have regarded it, and taken that alone.

But this division of the right to the wife's property, as between her and her husband, is only a distinction made by law, as to themselves, their rights and the rights of the creditors of the husband. That *they* should only be allowed to take his interest, is only just; but that the creditor of both, should only take the interest of *one*, is a very different thing. There is no reason why such a division of rights should be regarded, when the hardship it was intended to avoid does not exist. If the entire estate is owned by the husband and wife, who are in law one person, and that entire estate is only sufficient to pay a debt they justly owe, what reason is there or what policy, against satisfying that claim with that estate? Its being divided into divers proportions, or interests between them, does not make the estate larger, or any the less liable for their joint debt; and to say, that in a case like the one at bar, the creditor should have been content with taking the life interest of the

husband in part satisfaction of the execution, and should leave the wife's interest until her death, or the death of the husband, (if tenant by the curtesy,) is to subject the creditor to delay without any possible advantage to the wife.

But this whole matter has been adjudicated and settled in the case of *Fox* v. *Hatch*, 14 Vermont, 340.

The statute of 1821, c. 60, § 1, provides that reversions and estates of that nature may be levied on, and § 27, of the same chapter, declares that in cases of tenants in common (as was petitioner and other heirs of Mackie) the levy shall be valid to convey all the debtor had. The right of inheritance was all the petitioner had. A portion, (six-sevenths,) of this was levied on. If it *was* in fact, as between herself and her husband divided into two estates, the levy would convey *her* right, and if that was encumbered with the life estate of the husband, it was a mistake beneficial to them, rather than to the plaintiffs in that suit. The petitioner here suffered no damage, and she cannot now set up as a defence, that her husband had a life interest in the estate.

HATHAWAY, J. — The petitioner, the widow of William Moore, prays partition of certain real estate of which her father, Andrew Mackie, died seized, and of which she claims one eighth as her inheritance. When the petitioner married William Moore she was in debt, and a suit was instituted against her and her husband, and prosecuted to final judgment, and execution thereon levied upon a portion of her inheritance, July 27, 1838, for satisfaction of her debt contracted before coverture. There is no question made between the parties, that if the levy was not effectual to transfer the estate levied upon, to the judgment creditor, she is entitled to one eighth; and if it was effectual for that purpose, she is entitled to but one fifty-sixth.

By virtue of their marriage, Moore acquired a life estate in his wife's land; the reversion was hers. By statute of 1821, c. 60, § 1, it is provided, that "all rights in equity of

redeeming lands mortgaged, *reversions or the remainder* shall be liable to attachment upon mesne process, and to be taken by execution upon judgment recovered for the payment of the just debts of the mortgager or the owner." And such is the law in Massachusetts. *Williams* v. *Amory,* 14 Mass. 20; *Atkins* v. *Bean & als.* 14 Mass. 404. And it has been well decided in Vermont, that the wife's land might be taken in execution, in satisfaction of her debts contracted before marriage. *Fox* v. *Hatch,* 14 Verm. 340, cited in argument. The description in the levy, of the land levied upon, as "the property of the said William and Agnes, being her right of inheritance," is broad enough to embrace the husband's freehold and the wife's reversion.

The levy was a valid transfer of the land levied upon, and the petitioner is entitled to one fifty-sixth part of the premises only, and partition is ordered accordingly.

The respondents are entitled to costs by the statute.

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.