## JOHN R. SULLENGER v. SYLVESTER T. BUCK AND VICTOR BUCK.

1. SALE OF REAL ESTATE ON EXECUTION, *When Not Void.* Where an execution debtor has both personal and real property subject to execution, but not sufficient personal property to satisfy the execution, and the personal property is first levied upon and then the real estate, and the personal property is then advertised and sold, and afterward the real estate is advertised and sold, and all this is done under one and the same execution, *held,* that the sale of the real estate is not void merely because the levy thereon was made before the personal property was either advertised or sold.

2. ———— *Such Sale, When Not Void.* And in such a case, where the personal property is levied upon, advertised and sold by the under-sheriff, and the real estate is levied upon, procured to be appraised, and is advertised and sold by the sheriff himself, the under-sheriff acting as one of the appraisers, *held,* that the sale of the real estate is not void merely because the under-sheriff acted as one of the appraisers.

3. ———— *Rule of Supreme Court.* It is a rule of the supreme court, generally followed, not to decide any question not raised by briefs of counsel.

### *Error from Marion District Court.*

FEBRUARY 16, 1878, at the instance of *Buck & Co.,* an execution was issued out of the district court of Marion county, on a judgment against plaintiff in error and one T. W. Reed. The writ was delivered to T. J. Smith, under-sheriff of said county, and was by him on the above date levied upon certain personal property of the plaintiff in error. On March 27, 1878, the property so levied upon was by said under-sheriff advertised for sale. On April 10th, he sold said property, as per advertisement. In the meantime, on the 12th day of March, 1878, before the said under-sheriff had advertised the personal property for sale as above stated, it seems from the return on the execution that the writ was by the under-sheriff delivered to Samuel W. Howe, the sheriff of said county, who on said 12th of March, "for want of goods and chattels sufficient to satisfy the execution," levied upon certain real estate described in the sheriff's return, and on the same day said Howe proceeded to appraise said real

estate, and selected as one of the appraisers the said T. J. Smith, who it is admitted was the same Smith to whom the writ was first delivered, and who had levied the same upon the personal property of *Sullenger* on the 16th of February preceding. The return also shows that Smith was sworn, and with two others, also selected by said Howe, appraised said real estate so levied upon by said Howe. A copy of the appraisement so made was then filed with the clerk of the district court, and on March 15th a notice of sale was published in the newspaper. Then, on the 27th of March, Smith advertised the personal property which he had before levied upon for sale, and the execution, it seems, must then have been returned to him by Howe, and he (Smith) afterward, on April 10th, sold said personal property. Afterward, on the 15th of April, the execution was redelivered to Sheriff Howe, who then on that day sold the said real estate of *Sullenger* to defendants in error. Afterward, at the April Term of the district court, defendants in error filed a motion to confirm said sale of real estate; and plaintiff in error filed a motion to quash the sheriff's return of sale, the appraisement aforesaid, and to vacate the sheriff's sale under the appraisement. The motions were argued together, and the motion to vacate the sale was overruled, and the motion to confirm was sustained. Exceptions were taken by plaintiff in error to the ruling of the court upon both motions, and he now brings the case to this court upon a case-made for review.

*L. F. Keller*, for plaintiff in error.

*Frank Doster*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: Only two questions are presented by the brief of counsel for plaintiff in error, to wit: 1. Where an execution debtor has both personal and real property subject to execution, but not sufficient personal property to satisfy the execution, and the personal property is first levied upon and then the real estate, and the personal property is then

advertised and sold, and afterward the real estate is advertised and sold, and all this is done under one and the same execution, is the sale of the real estate void because the levy thereon was made before the personal property was either advertised or sold? 2. And in such a case where the personal property is levied upon, advertised and sold by the under-sheriff, and the real estate is levied upon, procured to be appraised, and is advertised and sold by the sheriff himself, the under-sheriff acting as one of the appraisers, is the sale of the real estate void because the under-sheriff acted as one of the appraisers?

We must answer both of these questions in the negative.

I. As to the first question, counsel for plaintiff in error seems to rely exclusively upon § 448 of the code of civil procedure, but that section does not sustain him. It is merely consistent with his view, but is not inconsistent with the other view. Section 443 (Gen. Stat. 713, 714) authorizes the levy of an execution upon any property, real or personal, not exempt. Section 448 provides that the personal property shall be first levied upon, and also what shall be done in case there is no personal property; but it does not provide, nor does any other section provide, what shall be done where there are both personal and real property, and where the personal property is not sufficient to satisfy the execution. We think that the personal property should be first levied upon and first sold, but we know of no good reason why real estate might not be levied upon between the levy upon the personal property and its sale, provided the personal property is insufficient to satisfy the execution. No more real estate, however, should be levied upon or sold than would be sufficient, with the aid of the personal property, to satisfy the execution.

II. The mere fact that one of the appraisers of the real estate was the under-sheriff, we do not think vitiates the sale. Of course such practice is not to be commended, but upon what principle it would vitiate the sale where no wrong occurred, we cannot conjecture. With reference to the real

estate, the under-sheriff had nothing to do as under-sheriff. He had no connection with the real estate except as an appraiser. In law, whatever an under-sheriff or other deputy of the sheriff does in his official capacity as under-sheriff or deputy, the sheriff himself does. But the converse of this proposition is not true. An under-sheriff or deputy does not do whatever the sheriff as sheriff does. Of course, a sheriff could not be an appraiser for himself of real estate levied upon and sold by himself, nor could he be such appraiser for one of his deputies; for in so doing he would equally in law be an appraiser for himself. But there is no reason in law why a deputy might not be an appraiser for the sheriff. In Maine it has been held that, "in a levy of real estate in which the levying officer was a deputy sheriff, one who is also a deputy of the same sheriff, is not on that account incompetent to act as an appraiser." (*Grover v. Howard*, 31 Me. 546.)

III. Counsel for plaintiff in error, in his oral argument, raised the question that the sheriff's return did not show that *all* the personal property of the judgment debtors had been levied upon before said real estate was levied upon. Under some circumstances such a return might not be sufficient, but under the circumstances of this case we think it is. But it is a rule of the supreme court generally followed, not to decide any question not raised by the briefs of counsel, and we shall dispose of this question under this rule.

The judgment of the court below will be affirmed.

All the Justices concurring.