## DAVIS v. BARNARD.

The interest of a tenant in common in a tract of land passes by the extent of an execution against him on the whole tract, but such levy does not affect the rights of the other tenants.

BILL IN EQUITY, to remove a cloud from the plaintiff's title to certain real estate. Facts agreed. The plaintiff and one John K. Davis were tenants in common of certain lands in Northfield; and the defendant, having a judgment against John K. Davis, levied the execution issued thereon upon the premises as if John K. Davis were sole tenant. The plaintiff claims that the levy is void, and that it creates a cloud on her title.

*Shirley & Carr*, for the plaintiff. One tenant in common cannot convey to a stranger by metes and bounds any portion of the common estate. The levy of a stranger can have no greater effect. Where the land is holden in common with others, the statute requires the levy of an execution to be made upon the undivided interest of the debtor, or a part thereof. G. L., *c.* 287, *ss.* 6 and 7; *French* v. *Lund*, 1 N. H. 42; *Thompson* v. *Barber*, 12 N. H. 563; *Smith* v. *Knight*, 20 N. H. 17; *Hall* v. *Young*, 37 N. H. 134; *Carter* v. *Beals*, 44 N. H. 408, 413; *Porter* v. *Hill*, 9 Mass. 34; *Bartlet* v. *Harlow*, 12 Mass. 348; *Blossom* v. *Brightman*, 21 Pick. 283.

*W. M. Barnard*, for the defendant. The plaintiff has the same interest in the property that she had before the levy was made. She can have partition now as well as when another tenant owned an interest in the land. The plaintiff cannot say that she is injured on account of her co-tenant's interest being set off by metes and bounds, because no such thing was done. If the creditor chooses to take one half of a thing and pay the price of the whole, at the same time injuring no one, and finds no fault, why should any other person? Suppose the plaintiff's husband had intended to sell his interest in the land, and by a mistake had sold the whole tract, describing it by metes and bounds: there is no doubt but what his interest would pass by the conveyance. The deed would not be wholly void. This point is expressly decided in *Coös Bank* v. *Brooks*, 2 N. H. 148. The same rules of construction are applicable to a levy as to other conveyances. *Pride* v. *Lunt*, 19 Me. 115; *Smith* v. *Knight*, 20 N. H. 9; *Taylor* v. *Emery*, 21 N. H. 258; *Swanton* v. *Crooker*, 49 Me. 455; *Atkins* v. *Bean*, 14 Mass. 404.

We elect to take the debtor's interest in the land at the sum at which the whole was appraised.

SMITH, J. One tenant cannot convey a part of the land held in common with another, by metes and bounds, to a stranger. If he could, his grantee would become tenant in common of a particu-

lar part with the other tenant, who, in making a legal partition, might, notwithstanding the conveyance, have the whole of the part thus conveyed assigned as his property. *Porter* v. *Hill*, 9 Mass. 34. For the same reason an execution against one holding land as a tenant in common cannot be extended on a part of the land so holden by metes and bounds. *French* v. *Lund*, 1 N. H. 42; *Thompson* v. *Barber*, 12 N. H. 563; *Smith* v. *Knight*, 20 N. H. 9; *Hall* v. *Young*, 37 N. H. 134; *Carter* v. *Beals*, 44 N. H. 413. But where on an execution against a mortgagor a levy is made on the whole estate, disregarding the incumbrance, it will be good against the mortgagor if the creditor so elects. *Kelly* v. *Burnham*, 9 N. H. 20; *Hovey* v. *Bartlett*, 34 N. H. 278. The land being appraised at its full value without deduction on account of the mortgage, the debtor cannot complain, as he has the full value of the land applied to the extinguishment of his debt. So where the appraisers, in the levy of an execution, certified the value of three eighteenth parts of the land, and it appeared by the return that the whole land was set off, the levy was held to pass the interest of the debtor, it being the same that was appraised, if the creditor should so elect. *Smith* v. *Knight*, 20 N. H. 9; *Coös Bank* v. *Brooks*, 2 N. H. 148; *Bartlet* v. *Harlow*, 12 Mass. 348, 354; *Atkins* v. *Bean*, 14 Mass. 404.

The defendant levied his execution upon the whole estate, one moiety of which belonged to the plaintiff and the other to the judgment debtor. According to all the authorities, the levy was good against John K. Davis; and although the return shows that the whole tract was levied upon, in fact his moiety and that alone passed to the creditor by virtue of the levy. The levy did not affect the plaintiff's title to the other half of the premises. She was not a party to the levy, and is not bound by anything that was done affecting her interest. She remains seized of an undivided half, and the defendant became seized of the other half as tenant in common with her. Upon petition by either for partition, there will be nothing in the levy to prevent judgment that partition be made. The defendant claims to hold only the moiety that belonged to John K. Davis, and makes no claim to the moiety belonging to the plaintiff. As the levy can have no effect upon the plaintiff's rights, when partition is made it must be made regardless of the levy. The plaintiff is entitled to a decree that the defendant release to her one undivided half of the whole tract.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.