# WASHINGTON COUNTY.

REUBEN BURDICK *et ux. vs.* ALBERT BURDICK *et al.*

In an action of trespass and ejectment brought by A. and his wife as plaintiffs, the defend-
ant recovered judgment for his costs.
*Held*, that the execution rightly issued against A. and his wife, and was rightly levied on
the real estate of the wife.

BILL IN EQUITY for an injunction. On demurrer to the bill.

*Providence, March* 2, 1889. STINESS, J. The defendants in
this suit, having recovered a judgment against the complainants in
trespass and ejectment,[1] have levied their execution for costs upon
the real estate of the complainant, Susan E. Burdick, wife of Reu-
ben Burdick. The complainants by this bill seek to restrain pro-
ceedings under the levy, upon the ground that the property of a
married woman is not liable to attachment on execution in tres-
pass and ejectment. A married woman is liable for her torts.
Trespass and ejectment, even when title is in dispute, is in the
nature of a tort action. The wrong doing of the defendants con-
sists in the ouster or illegal detention of the plaintiff from his
property. The husband and wife being sued jointly, the judgment
must be a joint judgment, and the execution must follow the judg-
ment. The plaintiff in such an execution may levy it upon the
property of either or both defendants. It would be an idle cere-
mony to give a plaintiff judgment against both, and then say you
can collect it only from one. The right to a judgment implies
the right to have it satisfied out of the property of all the persons
against whom it is rendered. Judgment *quod capiatur*, against
both husband and wife in ejectment, was sustained in *Mayo* v.
*Cogshill*, Cro. Car. 406. In Vermont it was held that the sepa-
rate property of a married woman was liable to execution for a
debt contracted before marriage. *Fox* v. *Hatch*, 14 Vt. 340. So
in *Moore* v. *Richardson*, 37 Me. 438. See, also, *Smith* v. *Taylor &*
*wife*, 11 Ga. 20. In this State, *Waterman* v. *Fairbrother*, 12 R. I.
195, is clearly in point. There execution for costs was ordered

---

[1] See *Burdick* v. *Burdick*, 15 R. I. 165.

against husband and wife, plaintiffs in replevin, upon a judgment in favor of defendants. *A fortiori* should execution issue against both as defendants, upon a judgment in trespass and ejectment; and if so issued, the property of both should be liable for its satisfaction. But it is argued that a wife may, by committing a tort, evade provisions of the statute, Pub. Stat. R. I. cap. 166, in regard to conveyances of her property. We do not see any evasion of the statute. It prescribes how she may dispose of property which is made absolutely hers. It enables her to do this with certain safeguards against compulsion by the husband. But this is a very different thing from a sale of her property to satisfy a judgment against her. It is hardly to be presumed that a wife will commit a tort simply to strip herself of property which she might sell by joining in a deed with her husband. It is further claimed that at common law the real estate of the wife could not be taken for her tort committed during coverture. The statement of Blackstone, 3 Comment. *414, cited in support of this claim, relates only to a *capias.* Even as to this statement there is some diversity of authority. See *Anonymous,* Cro. Car. 513; *Mayo* v. *Cogshill, supra; Hales* v. *White,* Cro. Jac. 203; *Wood* v. *Suckling,* Cro. Jac. 439; *Berriman* v. *Gilbert,* Barnes's Notes, 203. But, however this may be, there was some reason why a wife should not be taken upon *capias* when, as the law then stood, the husband entered into possession of his wife's property, and had the entire and exclusive beneficial use of it during their joint lives. That reason fails when the laws for married women, now generally adopted, secure the wife's property to her own use. In the former state of things, deprived of all control of her estate, she was powerless to satisfy a judgment against her. The husband might sell his marital interest, and it could be taken for his debts. Under the present system we see no reason why a married woman's property should not be answerable to a judgment against her as fully as that of a *feme sole.* If she is liable to the judgment, she should be liable to its satisfaction.

We think the execution was properly issued in this case, and that the bill shows no ground for relief.

*Demurrer sustained.*

*Thomas H. Peabody & Charles Perrin,* for complainant.
*Albert B. Crafts & Frank W. Tillinghast,* for respondents.