Carroll,
May 5, 1903.

### CARRASCO *v.* MASON *& a.*

A judgment creditor who levies execution upon real estate mortgaged by his debtor acquires the latter's interest therein; but he cannot maintain a writ of entry against one who subsequently became the owner of the mortgage debt by bequest and purchase, and is in possession of the premises.

WRIT OF .ENTRY, to recover possession of three tracts of land. Trial by the court. Transferred from the March term, 1902, of the superior court by *Stone,* J.

September 30, 1896, Mahlon L. Mason gave to his brother, Francis L., a mortgage upon the three parcels of land described in the writ of entry, conditioned to secure his note of $1,000, payable to said Francis, or order, in one year from date with interest, the consideration for the note being borrowed money. October 24, 1898, the plaintiff brought a suit against Mahlon, and in April, 1900, recovered judgment in the sum of $805.02. The land in question was attached upon this writ, and the execution issued in the suit was levied upon an undivided half of the three parcels, the levy being commenced within thirty days from the date of judgment by the appointment of three appraisers in the manner provided by law. The levy was completed July 3, 1900, and the plaintiff was put in possession of the land so set off, in full satisfaction of her judgment and the taxable costs thereon. The levy was made regardless of the real estate mortgage, and was duly recorded in the registry of deeds, July 6, 1900. At the time the mortgage was given Mahlon was the owner of an undivided half of the land.

Francis L. Mason died in 1899. His will was probated in February, 1900, and an administrator with the will annexed was appointed in August. The will contained two small bequests of less than $100, and gave and devised all the rest and residue of the estate to Catherine, the testator's wife, and to Nathaniel R. Mason, his nephew, in equal shares. July 24, 1900, Catherine

sold to Nathaniel all the right, title, and interest which she had under the will. In December, 1901, the administrator charged Nathaniel with $1,265 (the amount of the mortgage note at that time), and credited the estate with the same amount, and later transferred the mortgage to Nathaniel by a writing upon the back, in terms as follows: " North Conway, N. H., February 28, 1902. In consideration of the sum of twelve hundred and sixty-five dollars, I hereby sell and assign to Nathaniel R. Mason of Conway all the right, title, and interest of the estate of Francis L. Mason to the within mortgage."

Judgment was entered against Mahlon L. Mason, and denied as against Nathaniel R. Mason, subject to the plaintiff's exception.

*Josiah H. Hobbs*, for the plaintiff.

*Arthur L. Foote*, for Nathaniel R. Mason.

BINGHAM, J. In view of the order of the superior court, to which no exception was taken, that judgment be entered in favor of the plaintiff against Mahlon L. Mason, it is to be assumed that by the extent the plaintiff acquired whatever interest Mahlon had in the land, and as against him is entitled to the possession. *Coos Bank* v. *Brooks*, 2 N. H. 148; *Pritchard* v. *Brown*, 4 N. H. 397, 402, 404; *Kelly* v. *Burnham*, 9 N. H. 20, 22; *Wendell* v. *Bank*, 9 N. H. 404, 418; *Hovey* v. *Bartlett*, 34 N. H. 278; *Bryant* v. *Morrison*, 44 N. H. 288; *Davis* v. *Barnard*, 60 N. H. 550, 551.

But is she entitled to the possession as against Nathaniel? The fair meaning of the case is that by the will of Francis, the purchase by Nathaniel of Catherine's interest thereunder, and the settlement of the administrator's account, Nathaniel became the owner of the debt and mortgage upon which he bases his claim to the land. He was under no obligation to pay his father's debt; and the entries made by the administrator, wherein he charged Nathaniel with the amount of the note and credited the estate with a like amount, tended to show that Nathaniel thereby became the owner of the mortgage debt. And such a finding is included in the court's order denying the plaintiff's motion for judgment against Nathaniel. Being the owner of the debt and mortgage, and in possession of the premises, this action cannot be maintained against him.

*Exception overruled.*

All concurred.